UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
BELGE LABAZE                                Case No.

                          Plaintiff,
-against-                                   **COMPLAINT**


REGENCY EXTENDED CARE CENTER,               JURY TRIAL DEMANDED
                                         BY PLAINTIFF

                        Defendant.
------------------------------X

Plaintiff, **BELGE LABAZE,** alleges as and for his Complaint as follows:

## INTRODUCTION

This is an action for damages and injunctive relief brought by BELGE LABAZE pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e, et. seq an Retaliation and Constructive Discharge in which Plaintiff asserts discrimination by virtue of policies and practices complained of herein. Plaintiff also seeks attorneys fees as authorized by statute.

## PARTIES

1. Plaintiff, BELGE LABAZE, ("Plaintiff") was and is a resident of Rockland County, State of New York.

2. Upon information and belief, REGENCY EXTENDED CARE CENTER ("REGENCY" or "Defendant") is and, at all material and relevant times hereto, was a Corporation with its principal place of business in Yonkers, New York, and was and is doing business in the within district and at all material times hereto has done business in this district. At all material times hereto, was an employer within the meaning of Title VII of the Civil Rights

1

Act of 1964, 42 U.S.C. § 2000e-5(b) and was Plaintiff's employer.

3. Plaintiff is informed, believes and thereon alleges that at all times herein mentioned each of the agents and employees of the Defendant, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment for the Defendant.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this matter pursuant to 42 U.S.C. 2000(e) et al. The case is properly venued in this district because this is where the defendant was and is doing business pursuant to 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. §1391(c). Plaintiff also resides within this district.

5. Plaintiff filed a charge with Equal Employment Opportunity Commission ("EEOC") charging Defendant with unlawful discriminatory practices relating to employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e ("Title VII").

6. On or about March 16, Plaintiff received from the EEOC a Notice of Right to Sue letter that demonstrated probable cause existed. Plaintiff now timely commences the within action.

## ALLEGATIONS OF DISCRIMINATION

7. On or about April, 2013 Plaintiff commenced her employment with Defendant as a Registered Nurse.

8. Plaintiff's original work schedule required her to work rotating day shifts during the week and one day every other weekend.

9. Plaintiff is a Seventh Day Adventist and, after consultation with the leaders of her church, Plaintiff was restricted from working on Saturdays.

10. Plaintiff made a request of Defendant's Director of Nursing, Ms. Solomon, that she not work Saturdays. Ms. Solomon refused this accommodation and directed that Plaintiff continue to work Saturdays despite her request for the religious accommodation.

11. Plaintiff was friendly with another nurse in the facility, Marjorie Brown. Since Ms. Brown and Plaintiff were scheduled on opposite days of the weekend, Ms. Brown agreed to work Plaintiff's Saturday shifts and Plaintiff agreed to work Ms. Brown's Sunday shifts.

12. Defendant's employee, Ms. Germy, was in charge of scheduling. She was aware of the informal arrangement between the parties and for a period of many months, this accommodation was honored by Defendant.

13. Upon information and belief, early in 2014, Ms. Solomon left Defendant's employ and a new supervisor, Ms. Garma, began working as Plaintiff's supervisor.

14. Soon thereafter, Ms. Germy called a meeting with Plaintiff and told her that "we have a problem" in that Ms. Brown was leaving the Defendant's employ. Thus, Plaintiff was told she had to return to work on Saturdays.

15. Plaintiff protested and sought a continued accommodation, but that conversation did not go anywhere.

16. Thereafter, Ms. Garma called for a meeting with Plaintiff and told her that she knew other Seventh Day Adventist who did work on Saturdays (although not at Defendant's place of business) and therefore the Defendant would no longer accommodate her request to not work on Saturdays.

17. Several days later, Plaintiff received a letter that essentially recapped the conversation Ms. Garma had with her and officially informed her that she would no longer accommodate having Saturdays off. As a consequence, Ms. Germy changed the work schedule.

18. The following Sunday, Plaintiff attempted to go to work when her supervisor told her that the schedule was no longer in effect and she was not able to work on Sundays any longer.

19. The following day, Plaintiff complained to Ms. Germy about the scheduling change and she was told that Ms. Garma instructed her to change the schedule back to her working on Saturdays.

20. In the next week, Plaintiff was scheduled to work on Saturday. Instead of going to work that day, she called in sick the Friday prior. This happened on several occasions.

21. Thereafter, Ms. Garma called Plaintiff into her office with another supervisor and for a period of time they spoke in Tagalog in her presence. After they were done speaking, Ms. Garma pointedly told Plaintiff that "we see a pattern here, do you see a problem"? Plaintiff responded that she did not see a problem and asked Ms. Garma the same question.

22. At that time, Ms. Garma threatened Plaintiff if she called in sick one more time, she would terminate Plaintiff.

23. The following week, in retaliation for Plaintiff's complaints about the schedule, Ms. Garma engaged in a plot to retaliate against Plaintiff. Specifically, she set up Plaintiff to have a problem with administering medication to a patient so that Ms. Garma could seek to find a problem with Plaintiff's work and fire her for cause.

24. At this point, Plaintiff understood that Ms. Garma was not going to accommodate her religious accommodation request, was engaging in behavior that would essentially trap Plaintiff into

a no win situation where she would be terminated for cause, and left her with no alternative. Plaintiff prepared a letter and presented it to her employer stating that she could no longer work under those conditions. Thus, on or about April 25, 2014, Plaintiff was constructively discharged and no longer working for Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION

### (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*) (Religious Discrimination)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 above with the same force and effect as if though more fully set forth at length herein.

26. The foregoing conduct with respect to Plaintiff by defendant, violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

27. As a consequence of Defendant's religious discrimination against Plaintiff, Plaintiff sustained conscious pain and suffering, great mental distress, physical injury, shock and humiliation. In addition, Plaintiff incurred monetary loss as she was subjected to adverse employment actions, including constructive discharge.

28. Plaintiff has sustained damage in the sum of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS compensatory damages, THREE HUNDRED THOUSAND ($300,000.00) DOLLARS punitive damages, plus economic damages and attorneys fees, as a consequence of the forgoing misconduct of Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Claim of Retaliation Pursuant to 42 U.S.C. 2000e-3(a))

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 above with the same force and effect as though more fully set forth at length herein.

30. After Plaintiff complained about Defendant's failure to accommodate her religious beliefs, Defendant and its employees subjected Plaintiff to more stringent review of her work and set Plaintiff up for a pretextual termination for cause.

31. Additionally, Defendant retaliated against Plaintiff by providing no interactive process to determine whether or not the accommodation request was reasonable and instead simply scheduled her to work on Saturdays against her religious beliefs. Defendant then sought to put Plaintiff in the impossible work situation to set her up for a pretextual termination for cause. Such conduct would not have occurred except for Plaintiff's complaint against her supervisor.

32. By virtue of Defendant's retaliation against Plaintiff in violation of 42 U.S.C. 2000e-3(a), Plaintiff seeks compensatory, consequential, exemplary and statutory damages as set forth herein below in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BELGE LABAZE demands judgment against Defendant:

(1) In the First Cause of Action in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS compensatory damages, THREE HUNDRED THOUSAND ($300,000.00) DOLLARS punitive damages, plus economic damages and attorneys fees.

(2) In the Second Cause of Action in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS compensatory, consequential, exemplary and statutory damages.

All together with the costs and disbursements of this action, including attorney's fees, plus prejudgment interest, and for any other relief which this Court deems just and proper.

Dated: Chestnut Ridge, New York
June 14, 2017

Respectfully submitted,

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**

By: _____
Gary S. Graifman
**Attorneys for Plaintiff**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
(914) 356-2570